IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BELLAMY and BELLAMY, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07-0532-CV-W-DW |
| EXCEL INVESTMENTS, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction (Doc. 8). For the following reasons, the motion is granted.

For diversity purposes, a corporation may be the citizen of two states. First, a corporation is a citizen of the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). Second a corporation is a citizen of the state in which it maintains its principal place of business. Id. A corporation can have only one principal place of business for the purposes of diversity citizenship. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed a citizen of the State where it has its principal place of business"); Gafford v. Gen. Elec. Co., 997 F.2d 150, 161 (6th Cir. 1993) ("By common sense and by law, a corporation can have only one principal place of business for purposes of establishing its state of citizenship.").

Although the Eighth Circuit Court of Appeals has yet to directly address the issue, the courts within the circuit have found that the issue of a corporation's principal place of business should be determined on the basis of each individual case and at least suggest that the most appropriate test to employ is the "total activities" test. See Mahoney v. Northwestern Bell

Telephone Co., 258 F. Supp. 500 (D. Neb. 1966), aff'd, 377 F.2d 549 (8th Cir. 1967) (noting that the split of authority as to which test to employ is largely linguistic as cases employing either test generally consider all of the facts pertaining to a corporation's principal place of business).

These cases provide the Court with useful guidance in determining how to weigh the competing factors in the various principal place of business tests. When no one state is clearly the center of corporate activity, or accounts for the majority of the corporation's income, the headquarters and location of the corporate policy-making functions assume greater importance. See Mahoney, 258 F. Supp. at 502 (where corporation's headquarters and policy-making functions were in Nebraska, and where no one state accounted for the majority of the corporation's income, Nebraska was the corporation's principal place of business). However, when virtually all of the corporate business is conducted in one state, but the headquarters and corporate policy-making functions are conducted in another, the situs of the corporate business assumes greater importance. See Hanna Mining Co. v. Minnesota Power & Light Co., 573 F. Supp. 1395, 1400 (D. Minn. 1983), aff'd, 739 F.2d 1368 (8th Cir. 1984) (where corporation conducted all of its business in Minnesota, and where its executive and administrative offices were located in Ohio, Minnesota was the corporation's principal place of business).

The Court finds the following facts to be relevant to application of the "total activity" test in this case. Excel Investments is organized to acquire and operate Sonic Drive-In franchises. It owns majority interests in 13 Sonic franchises in Missouri, 1 franchise in Kansas, and 1 in Arkansas. Excel Investments, Inc. is incorporated in the State of Kansas. Its sole officers and employees, a president and a secretary/treasurer, reside in Kansas and conduct business from Chanute, Kansas and Iola, Kansas. Excel Investments has listed Fort Scott, Kansas as its address

on its Form 1120S U.S. Income Tax Return for an S Corporation. Excel Investments does not have any offices in Missouri and does not have any bank accounts in Missouri.

Pursuant to a consulting agreement, Excel Investments has contracted many of its franchise management duties to Excel V, Inc. ("Excel V"). Excel V is a separate corporation, not a party to this suit, also organized to acquire and operate Sonic Drive-In franchises. Excel V was formed by three individuals who previously provided consulting services to Excel Investments in their individual capacities and were minority interest holders in various Sonic Drive-In franchises. Excel V is incorporated in Missouri and has its office in Bolivar, Missouri. According to Jeffrey Chambers, shareholder and officer for Excel V, 86% of Excel Investments' income is derived from its Missouri activities.

Based on the foregoing, it is clear that Excel Investments' principal place of business is in the State of Missouri, where it conducts virtually all of its business, and not in the State of Kansas, where its headquarters and policymaking functions are located. Although it is true that Excel Investment conducts its day-to-day operations from Kansas, the bulk of its most significant activity occurs in Missouri. Under the "total activities" test, Excel Investments' principal place of business is the State of Missouri and therefore is a citizen of Missouri for diversity purposes. As Plaintiffs are also citizens of Missouri, there is no complete diversity between the parties and the Court is without jurisdiction to consider Plaintiffs' claims.

Accordingly, the Court hereby ORDERS that:

1) Defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction (Doc. 8) is GRANTED.

2) This action is DISMISSED and the Clerk of the Court is directed to terminate all pending motions.

Dated:  April 17, 2008          .                    /s/ Dean Whipple
                                                              **DEAN WHIPPLE**
                                        **UNITED STATES DISTRICT JUDGE**